## LENTZ v. LENTZ.

*Contempt of court—Review limited to abuse of discretion, when—Nunc pro tunc entries—Necessity of written entry of former order.*

1. Where contempt proceedings are invoked solely by the person aggrieved by disobedience of the court's orders, a refusal to punish for contempt is largely, if not wholly, within the discretion of the trial court, and one who unsuccessfully invokes such punishment for another can complain, if at all, only for the abuse of the court's discretion in refusing to so punish.

2. Where a trial judge does not make a judicial determination of the matters submitted to him, but postpones them until a certain other suit is heard and disposed of, and no journal entry is prepared or filed, showing any action taken by him in reference to the matters submitted, subsequent action of a judge, after the term, without any motion therefor, or notice, or hearing in reference thereto, in making an order as of the date of the former hearing, modifying the original order and decree, is contrary to law and void.

(Decided May 19, 1924.)

ERROR: Court of Appeals for Franklin county.

*Mr. J. D. Karns* and *Mr. C. E. Belcher,* for plaintiff in error.

*Mr. C. M. Addison,* for defendant in error.

WASHBURN, J. In a suit begun by John J. Lentz against his wife, Alta F. Lentz, in which each party was asking for a divorce and for the custody of their minor child, the Common Pleas Court of

[1] Contempt, 13 C. J. § 169; [2] Orders, 29 Cyc. p. 1517.

Franklin county, Ohio, on May 23, 1921, granted a divorce to Mr. Lentz, and in the divorce decree the court ordered that Mrs. Lentz should have the custody of the child until July 1, 1921, but subject to the right of Mr. Lentz to have the child from 2 p. m., Saturday of each week, until 7:30 p. m., of the following Sunday, and that Mr. Lentz should have the custody of said child from July 1, 1921, to January 1, 1922, subject to the right of Mrs. Lentz to have the child for a like period on Saturday and Sunday of each week of said period, and that thereafter each party should have the custody of the child for six months of each year, subject to the right of the one not in possession to have the child on Saturday and Sunday of each week.

Such order of the court as to the custody of the child has not been complied with by Mrs. Lentz, who, during all the time since said order was made, has had the custody of the child.

Within a very few days after the order was made, Mr. Lentz paid to Mrs. Lentz $5,000, in accordance with the decree, and on the same day that she received the money Mrs. Lentz took the child out of Ohio and remained away until July, 1922, during which time Mr. Lentz did not know of her whereabouts; and during all the time since the divorce, Mrs. Lentz has kept the child concealed from Mr. Lentz.

In July, 1922, she was in court with the child to answer a charge in contempt for her disregard of the order as to the custody of the child, and in reference to motions filed by her, and also by Mr. Lentz, seeking a modification of the order as to the custody of the child, and at the time she was so in

court, presided over by Judge W. P. Stephenson,
certain things transpired which will be hereafter
referred to.

At said time, July, 1922, Mr. Lentz had filed a
petition in an independent action against Mrs.
Lentz, in which it was claimed, and assumed to be
the fact, that he attacked the judgment in the di-
vorce case because of fraud practiced therein upon
him and the court by Mrs. Lentz.

Before that case was disposed of, and on March
10, 1923, Mr. Lentz filed new charges of contempt
against Mrs. Lentz for her disobedience of the or-
der of the court, made when the divorce was
granted, as to the custody of the child, and this
proceeding in error grows out of the trial of said
contempt charges filed March 10, 1923.

In her answer to the charges in contempt, Mrs.
Lentz alleged that she should not be punished for
contempt, for several reasons, among which was
"because all of the matters and things involved in
this said action and proceeding in contempt have
been fully heard and determined and finally adjudi-
cated by another court of concurrent jurisdiction
with this said court."

Evidence was taken in reference to what tran-
spired in July, 1922, when the parties were before
Judge W. P. Stephenson, who was holding court
in Franklin county, and to whom certain matters
were submitted concerning the custody of said
child.

The evidence consisted for the most part of a
stenographic report of some things said by the at-
torneys and the judge, and of a written decision,
denominated by the judge a ruling, signed by the

judge and sent to the clerk several days later, after the judge had reached a conclusion as to the matters which had been submitted to him.

This ruling, signed by the judge, recited that there had been submitted to him motions "by both parties seeking to modify former order of the court as to custody of their child," and informations in contempt.

The judge in the ruling then called attention to the fact that Mr. Lentz had filed the independent suit hereinbefore referred to, attacking the judgment in the divorce case on the ground of fraud, and questioned what would be the result if the original order as to the custody of the child was impeached for fraud, and then said, "The court has been in a quandary as to what it could do and should do under the circumstances," and "It should be known whether or not the original judgment and decree is to stand or be vacated before either party is punished for contempt." The ruling closed with the following: "The court is of the opinion that *all these matters* should be passed until the new suit to set aside the judgment is heard and disposed of, *and that will be the order.*"

What occurred before Judge Stephenson at the hearing is set forth in the bill of exceptions in this case as follows:

"Mr. Karns (attorney for Mr. Lentz): If the court please, I think inasmuch as Mr. Lentz has not seen that boy, or had the care and custody of it, or had it in his possession for over a year, I think there ought to be an order of this court now allowing this boy to remain in Mr. Lentz's

custody until the court disposes of this matter. He is entitled to it; it is his turn.

"The Court: Now, I will not do that, but I will do this: tomorrow is the visitation day, isn't it? That order of visitation stands as originally, and the boy is in the jurisdiction of this court, and that will be enforced. You can have that boy from tomorrow until Sunday. I am making the order now. My suggestion is to deliver him at the Southern Hotel, and then they—she says the boy is here —then they come within the purview of the order. And the child must be delivered as per the former order of the court on the question of visitation. Right now will be the time of year, if I recall, when the child would be turned over to John J. Lentz; but I am not going to do that right now. There are some changed conditions the court must consider in connection with this case, but I am going to insist that you have the right to your boy from Saturday until Sunday—the right of visitation, and I will let that stand. It is set out in the petition when you may get the child, and when you may return him, and where."

The judge who tried the contempt charge in this case now under review concluded not to punish Mrs. Lentz for contempt, and it is the claim of counsel for Mrs. Lentz that this court is without authority to review contempt proceedings in which the party charged has been found not guilty; that such proceedings being *quasi* criminal and resulting in the discharge of the accused are not reviewable on error.

There is much to be said in favor of the soundness of this contention.

Section 12146, General Code, provides that "the judgment and orders of a court * * * made in cases of contempt may be reviewed on error."

But such proceedings are primarily for the vindication of the dignity and sovereignty of the state in the exercise of its judicial power, and when such proceedings are invoked solely by persons aggrieved by disobedience of the orders of the court, a refusal to punish for contempt is largely, if not wholly, within the discretion of the court, and one who unavailingly invokes such punishment for another can complain, if at all, only of the abuse of the court's discretion in refusing to so punish. *MacKenzie* v. *MacKenzie,* 17 C. C. (N. S.), 494.

In view of what transpired before Judge Stephenson, and of all the facts and circumstances, we are not disposed to interfere with the discretion exercised by the trial judge in this case in refusing to punish Mrs. Lentz for contempt.

There are, however, other matters disclosed by the record in this case, of which complaint is made in the petition in error, and therefore the motion filed by attorneys for Mrs. Lentz to dismiss this proceeding in error, because contempt charges resulting in acquittal are not subject to review on error, will be overruled.

The other matters referred to relate to the action of the trial judge in entering a *nunc pro tunc* order as to the custody of the child.

It appears that the ruling made by Judge Stephenson was not regarded as a judicial determination of the matters submitted to him, but simply as a postponement of them "until the new suit to set aside the judgment is heard and disposed of," and

therefore no journal entry was prepared or filed showing any action taken by him in reference to the matters which were submitted to him, but what transpired before him at the hearing, and the ruling sent by him to the clerk, as hereinbefore set forth, appeared in the evidence in this hearing of contempt charges now under review, and the trial judge, without any motion being made asking that it be done, or any hearing in reference thereto, made an order as of the date of the hearing before Judge Stephenson, modifying the original order and decree as to the custody of said child by giving to Mrs. Lentz the *exclusive* custody of said child until the further order of the court.

That was done on the theory that such an order had been made by Judge Stephenson, which, through inadvertence and oversight, had not been journalized. Exceptions to the placing upon the records of such *nunc pro tunc* order were saved by Mr. Lentz, and that matter is before us for review.

We are unanimously of the opinion that the ruling signed by Judge Stephenson and sent to the clerk is not susceptible of the construction that he made any order except to pass all the matters submitted to him until another suit should be determined, and assuming, without so deciding, that as a basis for the entering of the *nunc pro tunc* order the evidence as to what was said by the attorneys and the judge at said hearing was competent evidence to prove that the court rendered a judgment, we are also clearly of the opinion that what Judge Stephenson said at the time of the hearing before him, taken in connection with his written ruling

sent to the clerk, does not indicate that he had any intention whatever of making an order modifying the original order as to the custody of the child by giving such *exclusive* custody to Mrs. Lentz until the further order of the court.

Instead of finding that the changed conditions warranted an order modifying the decree as to custody, as found and recited in the *nunc pro tunc* entry, Judge Stephenson specifically said that there were some "changed conditions the court *must consider* in connection with this case," and the ruling shows that after considering the same the judge determined not to make an order modifying the decree, but to pass "all these matters" until it was determined in the new suit "whether or not the original judgment and decree is to stand or be vacated" for fraud in obtaining the same, and, therefore, unless said original decree as to the custody of the child has been modified or changed by some proceedings other than the proceedings under review in this case, the same is in full force and effect.

What the judge said about changed conditions, in part at least, and so far as this record shows, refers principally to the suit to vacate the original decree, and its probable effect upon that part of the decree which relates to the custody of the child, and the most that can be said is that the judge declined to direct that the decree be carried out, or that it be changed until he should consider the matter, and after considering the matter, he still declined to modify or change the decree until the suit to vacate had been determined, and his direction during the hearing that Mr. Lentz should have

the child on Saturday and Sunday was a mere temporary matter, not intended in any manner to modify or change the decree, and certainly not intended to deprive Mr. Lentz of all custody, to cut him off from even seeing his child, and to give the exclusive custody thereof to Mrs. Lentz, who had refused to obey the decree in any particular and had so flagrantly and deliberately violated the same.

The situation presents a good illustration of the rule that obtains in many jurisdictions, which denies to courts the power to affect the operation or change the import of judgments of judicial tribunals by *nunc pro tunc* orders unless there is some written memorandum to support such action—a rule which does not permit such change to rest upon the mere word of mouth, or remark of a judge, but declares the necessity of some written memorandum to support a finding *nunc pro tunc.* Such a rule was announced in *Heirs of Ludlow* v. *Johnston,* 3 Ohio, 553, and, although it may be that such rule has not been applied to its full extent in all cases since then, it is still true that the power to make a *nunc pro tunc* entry should be used with caution and circumspection.

The finding of the trial judge in this case that Judge Stephenson made an order such as set forth in said *nunc pro tunc* entry is manifestly and clearly against the weight of the evidence, and his entry of such order, *nunc pro tunc,* after the term, without notice or hearing as to the making of the same, is contrary to law.

The finding of the trial judge made on the 16th day of April, 1923, as shown by the bill of excep-

tions, that an order had been made by the Court of Common Pleas on the 7th day of July, 1922, giving to Mrs. Lentz the custody of said child until the further order of the court, and that such order had through inadvertence and oversight not been journalized, and directing that an entry of such an order be filed as of said date, is reversed and held for naught, and that entry is set aside and canceled, and it is ordered that a mandate issue from this court to the Common Pleas Court to carry this judgment into effect.

*Judgment accordingly.*

FUNK and PARDEE, JJ., concur.

Judges of the Ninth Appellate District sitting in place of Judges ALLREAD, FERNEDING and KUNKLE, of the Second Appellate District.