## GRAHAM v GREEN

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided Jan 25, 1937

Day & Day, Cleveland, and Edward Krause, Cleveland, for plaintiff-appellant.

Edward A. Binyon, Cleveland, for defendant-appellee.

## OPINION

By LEVINE, J.

The sole question presented to us on the motion to dismiss appeal is the ground set forth in the motion, namely, that the appellant failed to file an appeal bond as required by §12223-6, GC.

It is contended by defendant, appellee, that the appellant having chosen to appeal on questions of law and fact he thereby became obligated under the statute to file an appeal bond and that the failure to file such appeal bond nullifies the notice of appeal; in other words that no appeal whatsoever was perfected to this court.

The plaintiff, appellant, refers this court to §12223-22, GC, under title, "Appeals on Questions of Law and Fact" which reads as follows:

"2. Whenever an appeal on questions of law and fact is taken in a case in which it is determined by the Appellate Court that the appellant is not permitted to retry the facts, the appeal shall not be dismissed, but it shall stand for hearing on appeal on questions of law."

The construction given by appellant to this section is; if for any reason the appeal on law and fact is not perfected, that the appeal nevertheless stands for hearing as an appeal on questions of law; that if, after notice on questions of law and fact is filed, the appellant fails to file an appeal bond, the only consequence would be that the appellant will not be permitted to retry the facts but since under the statute it still stands for hearing as an appeal on questions of law, that the appellant may still have a review as under the old error proceedings.

In several matters of a similar nature which have come to our attention, we sustained this latter view and we therefore hold that since the notice of appeal on questions of law and fact was filed in time, that the failure to file a bond has but one legal consequence, namely, the appellant will not be permitted to retry the facts as a de novo trial, but that under the clear language of the statute the case still stands as an appeal on questions of law which require a review by this court as under the old error proceedings.

The view herein expressed is, in our opinion, in conformity with a liberal construction of the new appellate procedure act and in accordance with the spirit thereof.

TERRELL, J, concurs.

LIEGHLEY, PJ, dissents.

## DISSENTING OPINION

By LIEGHLEY, PJ.

Plaintiff-appellant filed a petition in the Common Pleas Court praying for an accounting, equitable relief, and in the event the court should decide one issue in its favor a mandatory order is also prayed for. Defendant-appellee demurred to this petition which was overruled. Thereafter the cause came to trial on the petition, amended answer, reply and proof and resulted in a judgment adverse to plaintiff, denying the relief prayed for. This was clearly a chancery case.

Appellant filed notice of appeal on questions of law and fact July 13, 1936. No bond was ever executed to perfect the appeal on law and fact as required by §12223-6, GC to supersede the judgment to render such appeal effective.

Appellees filed a motion to dismiss this appeal on January 21, 1937, upon the ground that appellant failed to comply with the above section by executing an appeal bond as therein required. The cause was sub-

mitted to us for consideration upon this motion to dismiss the appeal.

Sec 12223-1, GC, provides for two kinds of appeal. "An appeal on questions of law" is one, which is the equivalent of former error proceedings; the other is "an appeal on questions of law and fact" which takes the place of former chancery proceedings on appeal. An appeal bond was necessary to perfect an appeal of a chancery case under the former statute. It is submitted that the new Appellate Act presents no essential difference in these respects other than the two proceedings are given different names.

It is said that the last sentence of §12223-5, GC: "The failure to designate the type of hearing upon appeal shall not be jurisdictional and the notice of appeal may be amended by the Appellate Court in the furtherance of justice for good cause shown," is authority for regarding this proceeding as an appeal on questions of law and justifies the overruling of this motion. There would be substance to this claim if an appeal had been perfected as and in conformity with other provisions of the act. This section has no application in this case as the appellant filed a notice designating the kind of appeal he intended to perfect.

Also subdivision 2 of §12223-22, GC, which section deals with appeals on questions of law and fact, is referred to and relied upon in support of the contention of appellant. This section provides that in the event the Appellate Court decides that the appellant may not retry the facts, the appeal shall not be dismissed but retained for hearing on appeal on questions of law. It is my view that the Appellate Court may make such determination only in respect to an appeal that has been perfected. This determination that the appellant may not retry the facts is not arrived at because of failure to give a bond, but the conclusion is grounded on the reason that the cause is not one in chancery and for that reason the facts may not be retried or the case tried de novo. This liberality is indulged only when an appeal on questions of law and fact has been perfected.

Nowhere does the act even intimate that the court may transfer an appeal on questions of law only into an appeal on law and fact. The reason is obvious that the want of a bond to supersede the judgment bars such procedure as the execution of a bond in the trial court is indispensably essential to the appeal on law and fact. So that the sections referred to contemplate a change to an appeal on law only. True

§12223-5, GC empowers the court to characterize the notice of appeal when the appellant fails to do so, but the right to say what kind of a case is sought to be appealed does not supply the other essentials of a perfected appeal. This court by authority of §12223-9, GC, may fix a bond to stay execution. A stay bond and an appeal bond are not the same.

These sections are intended to, and do correlate with the amendment to §11564, GC, wherein by the amendment it is provided that whenever an appeal is taken on questions of law and fact, and the court decides that the case cannot be retried on the facts, that then and in that event not to exceed thirty days shall be allowed for the preparation and filing of a bill of exceptions. These sections preconceive an appeal on law and fact perfected as required by the act as a basis for invoking same.

If the procedure adopted by the appellee in this case is permitted under the guise of a liberal construction of this Appellate Act, then the appellee has undue advantage in several respects. By filing his notice of appeal on questions of law and fact, if effective as such appeal, it suspends the judgment of the inferior court and the necessity of a supersedeas bond in an appeal on law to stay execution is avoided. Appellant obviates the necessity of filing a bill of exceptions in the trial court in forty days and may await the day of trial to admit an appeal on law only and then request not to exceed thirty days for the preparation of a bill of exceptions by thus converting the appeal into one on questions of law through neglect to perfect an appeal on law and fact by executing a bond. The authority reposed in the court to convert an appeal on questions of law and fact to an appeal on questions of law only exists when the appeal on questions of law and fact has been perfected in accordance with the requirements of the act.

It is generally conceded that this Appellate Act was inspired in a spirit of liberality in prosecuting reviews of judgments and decrees of inferior courts but such liberality does not extend and was not intended to extend to the point of entire disregard of the orderly procedure provided for in the Act. If it is not required to substantially comply with the orderly and successive steps enumerated to procure a review under either kind of appeal, then the care and effort expended in prescribing the orderly procedure for such review might as well have been omitted.

It is my judgment that the motion to

dismiss should be granted. No bond having been executed, there is no case here for review.