## FLOWERS et v METCALF et

Ohio Common Pleas, Richland Co

Decided March 16, 1937

C. H. Workman, Mansfield, for plaintiffs-appellees.

Dean C. Talbot, Galion, Beam & Beam, Mansfield, Culp & Rust, Mansfield, and George C. Hansen, Cleveland, for defendants-appellants.

### OPINION

By HUSTON, J.

J. C. Flowers and some thirty other plaintiffs filed their amended petition in the Probate Court of this county against the defendant, Edward G. Metcalf, trustee, and approximately one hundred other defendants, in which amended petition the plaintiffs ask the court to construe the will of Jacob Flowers, deceased, and to determine the distributive interest of each of the respective parties to this action in the real and personal estate of Jacob Flowers, deceased. Some of the defendants are legatees named in the last will and testament of Jacob Flowers, deceased. To this amend-

ed petition numerous defendants filed answers.

It is the claim of plaintiffs that they have a right to have the will in controversy construed under the declaratory judgment act, and the defendants question the jurisdiction of the Probate Court to construe a will under the declaratory judgment act.

The matter was submitted to the court on August 27, 1936. The transcript from the Probate Court shows the following entry:

"August 27, 1936, subpoena issued ·for Flora Hile, William Cassell and Mrs. William Cassell."

"August 28, 1936, motion for new trial filed by Flora Hile."

"August ..., 1936, motion for new trial filed by First M. E. Church at Galion, Ohio, The Board of Foreign Missions of the M. E. Church, New York, The Board of Home Missions and Church Extensions of Philadelphia, Pennsylvania, The Salvation Army; motion overruled. Journal 63/321."

"August ..., 1936, motion for new trial on behalf of Edward Metcalf, Trustee, filed; motion overruled. Journal 63/321."

The file marks on the motions bear date of August 28, 1936. The transcript shows the following: "August 29, 1936, Journal Entry filed. Journal 63/321."

Journal 63/321 reads as follows: "This cause now coming on for hearing was submitted to the court upon the pleadings and the evidence, and on consideration thereof the court finds on the issues joined for the plaintiffs."

Motions for new trial were overruled and the overruling of the motions was journalized, Journal 63/321. Transcript shows that on September 5, 1936, notice of intention to appeal was filed by Beam & Beam, attorneys for The Board of Foreign Missions of the Methodist Episcopal Church, and the First Methodist Episcopal Church of Galion, Ohio; by C. C. Hansen, attorney for The Salvation Army, by Beam & Beam, attorneys for The Home Mission and Church Extension of the Methodist Church, and by Culp & Rust, attorneys for Flora Hile.

On September 8, 1936, notice of intention to appeal was filed by Dean Talbot, attorney for Edward Metcalf, Trustee of the estate of Jacob Flowers, deceased.

On September 9, 1936, appeal bond was filed by Flora Hile.

The transcript shows the following entry of September 17, 1936: "Findings and decree of court filed, Journal 63/351. (Re-

filed as of August 29, 1936. See Journal Entry, 63/544)."

September 23, 1936. Appeal bond filed by Board of Foreign Missions of the Methodist Episcopal Church, and the First Methodist Episcopal Church, of Galion, Ohio; and on the same day, appeal bond filed by Salvation Army of Mansfield, Ohio, and Church Extension of the Methodist Episcopal Church.

Transcript, together with entries, were filed in this court on October 5, 1936, and thereupon counsel for the plaintiffs filed separate motions to dismiss the appeal on various grounds as set forth in the motions.

The motion to dismiss the appeal of Flora Hile came on for hearing in this court, when it developed that the entry of August 29th, wherein the court said, "This cause now coming on for hearing was submitted to the court upon the pleadings and evidence, and on consideration thereof the court finds on the issues joined for the plaintiffs," was not a final order from which appeal could be prosecuted.

On the hearing of the motion at that time it was stated by counsel that on order of the judge of the Probate Court the following, "Appeal bond fixed at $100 and exceptions are separately noted to each of the defendants," was inserted in the entry of August 29th. This order was made August 31st.

It also developed at that hearing that counsel representing appellants learned for the first time that the final order and judgment of the court had been entered September 17th.

At the suggestion of the court further hearing on the motion was postponed pending the final decision involving the question of the right to appeal from Probate Court to the Court of Appeals as the defendants had likewise filed their appeal in the Court of Appeals.

Following the date of such hearing counsel representing appellants had the following entries inserted in the transcript:

"November 13, 1936. Motion to amend a purported entry filed August 29, 1936, by the Board of Foreign Missions of the Methodist Episcopal Church et al."

"November 20, 1936. Motion was filed by the Salvation Army to amend purported entry filed as of September 17, 1936."

"November 21, 1936. Motion filed by Salvation Army to vacate entry filed September 17, 1936."

"November 25, 1936. Motion by Edward

Metcalf, Trustee, to amend entry of September 17, 1936."

The transcript further shows the following entry: "January 4, 1937. Order changing date of Journal Entry from September 17, 1936, to August 29, 1936. Journal 63/544."

The matter now comes on for hearing on the motions of appellees to dismiss the appeal of appellants on a number of grounds. First, on the ground that the entry of August 29th was not a final order, and no notice of intention to appeal having been filed within twenty days after the entry of the final order entered on the record as of September 17th had been filed. Second, that the court was without power to enter the final judgment by a nunc pro tunc entry as of August 29th.

It is conceded by counsel representing the defendants that if the court was without power to make the nunc pro tunc order, then the motion should be sustained; and if he had that power or right, then they have perfected their appeals.

It is apparent that counsel are somewhat confused as to their procedure under the new appellate act. For the purposes of this opinion it will not be necessary to quote all of the statutes applicable to the questions involved, as counsel are familiar with the definition of the word "Appeal," the "Appeal on Questions of Law," and the "Appeal on Questions of Law and Fact."

While counsel admit that the entry of August 29th is not a final order, yet they contend that under that entry, if it be an entry, they would have a right to raise the question of the jurisdiction of the Probate Court to construe a will under the declaratory judgment act, and therefore it is necessary to refer to the statute pertaining to a final order.

What is a final order? §12223-2, GC:

"An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be reviewed, affirmed, modified, or reversed with or without retrial as provided in this title."

Under the heading, "Final order may be appealed; Exception," §12223-3 GC, provides:

"Every final order, judgment or decree of a court and, when provided by law, the final order of any administrative officer, tribunal, or commission may be reviewed as hereinafter provided, unless otherwise provided by law, except that appeals from judgments of Probate Courts and of justices of the peace upon questions of law and fact shall be taken in the manner now provided for in §§10501-56 to 10501-61 GC, inclusive, and §§10382 to 10398, GC, inclusive, respectively."

Under the heading, "Appeal Deemed Perfected, When," §12223-4, GC, provides:

"The appeal shall be deemed perfected when written notice of appeal shall be filed with the lower court, tribunal, officer or commission. Where leave to appeal must be first obtained, notice of appeal shall also be filed in the Appellate Court. After being duly perfected, no appeal shall be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal shall be deemed to be jurisdictional."

Under the heading, "Notice of Appeal," §12223-5, GC, provides:

"The notice of appeal shall designate the order, judgment, or decree appealed from and whether the appeal shall be on questions of law or questions of law and fact. In said notice the party appealing shall be designated the appellant, and the adverse party the appellee, and the style of the case shall be the same as in the court of origin. The failure to designate the type of hearing upon appeal shall not be jurisdictional and the notice of appeal may be amended by the Appellate Court in the furtherance of justice for good cause shown."

Under the heading, "Appeal Bond," §12223-6, GC, provides:

"Except as provided in §12223-12 GC, no appeal shall be effective as an appeal upon questions of law and fact unless and until the order, judgment, or decree appealed from is superseded by a bond in the amount and with the conditions as hereinafter provided, and unless the said bond is filed at the time the notice of appeal is required to be filed."

Under the heading, "Time for Perfecting Appeal," §12223-7, GC, provides:

"The period of time after the entry of the order, judgment, decree, or other matter for review within which the appeal shall be perfected, unless otherwise provided by law, is as follows:

"1. In appeals to the Supreme Court, to Courts of Appeals, or from Municipal Courts and from Probate Courts to Common Pleas Courts within twenty (20) days.

"Provided, that, when a motion for new trial is duly filed by either party within three days after the verdict or decision then the time of perfecting the appeal shall not begin to run until the entry of the order overruling the motion for new trial."

The entry overruling the motions for new trial in this case was entered as of August 29, 1936. Notices were filed within the statutory time.

The appeal bonds filed by the Board of Foreign Missions of the Methodist Episcopal Church and the First Methodist Episcopal Church of Galion, Ohio, and The Salvation Army, and The Church Extension of the Methodist Episcopal Church, were filed on September 23rd, more than twenty days after the final order, if the court had power to re-enter █ the order as of August 29th; and, therefore, the case could not be reviewed on questions of law and fact.

That leaves the question whether or not they have perfected their appeal so as to have it reviewed on questions of law.

Sec 10501-56, GC, is a special statute pertaining to appeals from the Probate Court taken to the Common Pleas Court, but it is not claimed that the issues made in this case come within the purview of that statute—neither have counsel perfected their appeal under that statute.

No bill of exceptions was filed in this court. §11564, GC, providing for the filing of bill of exceptions, provides that:

"When the decision is not entered on the record or the grounds of objection do not sufficiently appear on the entry or the objection is to the decision of the court on a motion to direct non-suit or to arrest the evidence from the jury, or for a new trial for misdirection to the jury, or because of the verdict, or if a jury is waived, the finding of the court is against the law and the evidence, or on the admission or rejection of evidence, the party excepting must reduce his objections to writing and file them in the cause not later than forty days after the overruling of the motion for new trial, or the decision of the court when the motion for a new trial is not filed."

It is apparent from the issue made in the pleadings and the finding and judgment of the court, and an examination of the transcript and final █ entry, that the question of law in this case can not be determined unless there is filed in this court a transcript of the evidence in the Probate Court, except the question of jurisdiction of the Probate Court; and such is the conclusion of this court unless the following saving clause in the statute applies to an appeal from the Probate Court to the Common Pleas Court.

Sec 11564, GC, further provides that:

"Whenever an appeal is taken on questions of law and fact and the Court of Appeals determines that the case can not be heard upon the facts and no bill of exceptions had been filed in the cause, that the Court of Appeals shall fix the time not to exceed thirty days for the preparation and settlement of a bill of exceptions, and provided further that when a motion is filed in the Supreme Court for an order compelling the Court of Appeals to certify its record, or when a motion is filed to dismiss the error proceedings, the bill of exceptions shall be filed in the Court of Appeals not later than twenty days from allowing such motion to certify or overruling the motion to dismiss the error proceedings as of right."

It would appear that the above proviso applies to appeals to the Court of Appeals and not to cases appealed from the Probate Court to the Common Pleas Court.

The court has stated that no bill of exceptions was filed in this court; likewise it was conceded on the hearing of the motion that no bill of exceptions was filed in the Probate Court.

"1. The re-enactment of §11564, GC as amended, has not relieved the appellant from the duty of filing his bill of exceptions in the trial court within the time required by law.

"2. The failure of appellant to file his bill of exceptions in the trial court within the statutory period incapacitates the reviewing court to consider the contents thereof, and thereby deprives the appellant of the opportunity to show the errors demonstrable only by use of the bill of exceptions, notwithstanding the notice of appeal was filed within the prescribed time, thereby vesting the court with jurisdiction.

"3. The judgment of the trial court will

be affirmed where the only errors of which the appellant complains can be demonstrated only through the medium of a bill of exceptions, and the bill was not filed in the required time to be considered by the reviewing court." Carpenter v M. O'Neil Co., Ohio Appeals, 9th District, Summit County, No. 2759, decided September 22, 1936, 22 Abs 657.

In the case of Graham v Green, 7 O.O. 477, (23 Abs 330), the court held under consideration the interpretation of §1223-33, GC, in a case in which the appellant had failed to file a bond. In this case by a divided court, it was held that there by the failure to file bond, appellant would not be permitted to retry the facts as de novo, but that the case stood as an appeal on questions of law, which require review under the old error proceedings.

However, Judge Lieghley in a dissenting opinion holds that the saving clause under §11564, GC, only applies when the appeal has been perfected. However, the question of the provision of the statute relative to the preparaion and filing of the bill of exceptions was not a matter in issue, and that case is not controlling.

Coming now to the question of the right or power of the court to enter on the journal nunc pro tunc as of August 29, 1936, the order and judgment of the court as appears in the entry filed September 17, 1936, a very interesting and confusing question arises.

A journal entry, indicating on the transcript as having been entered on January 4, 1937, appears in the files, in which the Probate Court overruled the motion of the Salvation Army for an order vacating the entry of September 17, 1936, which it is conceded embodies the finding and judgment of the Probate Court.

The court sustained the motion of the Salvation Army and the motion of the other appellants asking for an order amending a purported entry filed on the 17th of September and amendment was to be by adding to said entry the following: "This order is made and entered as of August 29, 1936, and further asking for an order filing said purported entry as of August 29, 1936." This motion was sustained.

We have the situation now, as appears from the record, of an order and judgment of the court entered of record September 17, 1936. This order has not been vacated or modified, stricken from the record, or otherwise.

We do have the following finding and order: "The court having heard the evidence and the argument of counsel, do find that the order made and purported to be journalized and filed as of September 17, 1936, was in fact made August 29th; and that said order so journalized was inadvertently filed as of September 17, 1936. It is therefore ordered that said. purported entry purporting to be filed September 17, 1936, be amended by adding thereto the following words, 'This order is made and entered as of August 29, 1936;' and it is further ordered that said entry as so amended be entered on the journal nunc pro tunc as of August 29th."

Two questions now arise:
1st: Does this entry and order of the court show sufficient facts to warrant the Probate Court in making the order; in other words, is a reviewing court bound by the order entering a judgment nunc pro tunc when grounds for such order do not appear as a part of the record?
2nd: Has this court the right to examine the record made in the Probate Court on the hearing of the motion for a nunc pro tunc order, when no bill of exceptions has been allowed by the Probate Court and filed in this court?

In the hearing of the motion in this court counsel presented to the court a transcript of what they stated was the testimony taken in the Probate Court and refer to this testimony in their briefs.

Courts have the inherent power to enter judgment nunc pro tunc for the purpose of correcting mistakes in an order made or in supplying omissions so that the entry speaks the truth.

The entry seeking to ante-date an order and judgment in this case was not entered for the purpose of correcting a mistake or supplementing an omission, but seeks to ante-date an order and judgment entered in one term so as to make it speak from a former term, on the sole ground of inadvertence.

Since there is nothing in the entry to indicate of what the inadvertence consisted, it would appear that a court would be justified in making the order without indicating the grounds upon which the order was made.

It appears to this court that, since the transcript filed in this case disclosed that a final order was made September 17, 1936, and the same transcript appears later with additions, and another transcript filed at

a much later date showing the nunc pro tunc order, and that this court has a right to inquire into the grounds for the change of the date of the entry from one term of the Probate Court to a previous term, and since the evidence taken on the hearing of such motion was presented to this court on the hearing and though objected to by counsel for defendants, yet counsel for defendants in their briefs refer to this identical testimony to show grounds for justification of the order; and in the argument counsel for the defendant stated that the hearing before the Probate Court was concluded on the 27th of August.

An examination of an entry prepared by Mr. Workman was had by counsel, except Mr. Hansen. They failed to agree upon an entry. So far as counsel knew, on the 27th no order or judgment had been entered. On August 29 Mr. Beam was advised by the court that the court had not signed the entry prepared by Mr. Workman; that he had entered a finding for the plaintiffs.

On Monday, the 31st of August, Mr. L. H. Beam and Mr. Dean Talbot again examined the record and found no notation on the journal that motions for new trial were overruled and no bond fixed, and no exceptions contained in the entry of August 29th.

They conferred that day with Mr. Hansen in Cleveland and conveyed to him this information; on the same day at Judge Anderson's cottage on the lake, they confer with him and there learn that the only notation that had been made was that the court found for plaintiffs, and upon their request the court sends with them a memoranda to his clerk to enter on the journal exceptions, and fixing the bond at $100.

Counsel then knew the facts that no order or judgment had been entered of record, except the one finding for plaintiffs, and such finding could not have been construed as a final order for the █ reason that an examination of the record discloses that the finding is not made for the plaintiffs, but is made in favor of plaintiffs and numerous defendants. This is disclosed by an examination of the final order.

In the argument of the motion counsel stated that they had no knowledge of the entering of the final order until they appeared in court in the argument of the motion to dismiss in October; and from the statements and an examination of this evidence, the only inadvertence was the inadvertence on the part of counsel to aid

the court in preparing and approving an entry, or inadvertence in keeping in touch with the journal, and since there is nothing to indicate that there was any rule or custom on the part of the Probate Court to advise counsel of the filing of entries, then there could not be claimed to be a mistake or an inadvertence on the part of the court, to notify counsel of the date of the entry.

If an entry can be ante-dated so as to take effect at a former term, when there is no evidence as to what the court has actually found and counsel could not agree as to what the court found on the former term, then there would be nothing to prevent the court from post-dating entries; and likewise the court might ante-date an entry and defeat the diligent who sought to appeal from the entry as dated, to find that by nunc pro tunc order the appellants were too late with their notice.

No case has been cited exactly in point.

"In some cases omissions to enter a judgment actually rendered upon the record seems to be regarded as grounds for the entry of a judgment nunc pro tunc only where innocent parties who relied on the judgment rendered, would be prejudiced by the failure to enter it nunc pro tunc." 23 **Ohio Jurisprudence, p. 675, §250.**

"The entry of a judgment nunc pro tunc must affirmatively show it has been adjudged just what it is intended to correct. It should also disclose the grounds upon which the court acted, whether upon its own recollection, upon memoranda contained in the court records, or upon extraneous oral evidence. If the latter, the entry should show that notice was served upon the parties to be affected." 23 **Ohio Jurisprudence, p. 679, §256.**

All parties had a right to rely upon the judgment as entered September 17th, and courts have repeatedly held that a court can not enter a judgment █ nunc pro tunc where such order might affect the substantial rights of parties without notice, and there is nothing in the record to indicate that notice was given to any one; however, some of the parties interested represented by Mr. Workman, had knowledge and were present at the hearing.

"The right of a court to enter a judgment nunc pro tunc is available in furtherance of justice only; it is not available where it would operate to deprive a party

of a substantial right, such as the right to file a motion for a new trial or to prosecute a proceeding on appeal or in error." 23 **Ohio Jurisprudence**, p. 681, §260.

"An order nunc pro tunc must be granted on personal recollection of the court, or upon records or minutes of testimony of witnesses having knowledge of fact.

"Powers to enter orders nunc pro tunc should be exercised with caution.

"Power to enter orders nunc pro tunc is restricted to placing on record evidence of judicial action which has actually been taken.

"Power to enter nunc pro tunc order can be exercised only to supply omissions in exercise of functions that are clerical merely.

"Nunc pro tunc entry not disclosing grounds upon which court acted, what entry was intended to correct, nor that notice was served on parties effected thereby, held error ... us." **Ruby v Wolf et, 39 Oh Ap 144,** (10 . . . 79).

To the same effect is the holding in the following cases: **Halle v Public Utilities Commission, 118 Oh St 436, 439; Jax v Adamson, 56 Oh St 397; Lentz v Lentz, 19 Oh Ap 329, 337, (3 Abs 38).**

"The province of a nunc pro tunc entry is to correct the record of the court in a cause so as to make it set forth an act of the court, which though actually done at a former term, was not entered on the journal." **Printing Co. v Green, 52 Oh St 487.**

In the case of **Smith v Smith, 103 Oh St 391,** the court on page 396, in deciding the case uses the following language:

"It is contended by plaintiff in error that the oral announcement of the decree by the judge on the 19th of March, 1930, was a judgment in the case and some decisions by inferior courts of this state and in other jurisdictions are cited in support of this proposition.

"The question has been recently before this court in **Industrial Commission of Ohio v Musseli, 102 Oh St 10.** In that case it was held that the court speaks through its journal and a judgment is not rendered until it is reduced to a journal entry. Slight reflection will show the necessity of this rule. Otherwise doubt and controversy would constantly arise as to what the judgment or order of the court and its date were."

Time in which appeal may be prosecuted dates not from the finding or order or pronouncement of the judgment of the court, but from the entry of the order. §12223-7, GC, provides:

"Time for perfecting appeal. The period of time after the entry of the order, judgment or decree or other matter for review within which the appeal shall be perfected, unless as otherwise provided by law, * * *."

"The term, 'decision' founded in §11578, GC, is used in that section in the sense of judgment. The court speaks through its journal and a judgment is not rendered until it is reduced to a journal entry." **Industrial Commission of Ohio v Musseli, 102 Oh St 10.**

The preparation of a journal entry by one of counsel does not become the judgment of the court nor the entry of the court until he signs it or orders it to be entered on the journal.

In the above case (**Industrial Commission of Ohio v Musseli, 102 Oh St 10**), on page 15, the court uses the following language:

"It is a familiar rule that the court speaks only through its journals. Were the rule otherwise it would provide a wide field for controversy as to what the court actually decided. Not only would the features of the decision be left in doubt as between the parties to the suit, but as a lis pendens it might seriously effect the rights of others who had not been made parties thereto. * * * What is meant by the word 'decision,' found in §11578, GC? Is it the oral pronouncement of the judge, made from the bench, or is it rather the more deliberate decision of the court speaking through its journal entry? How can it be said that these remedial statutes are liberally construed in the interest of substantial justice if the parties to the suit are relegated, for information, not to the entries made by the court, but to an oral decision made at the caprice of the judge and possibly in the absence and without the knowledge of counsel in the case?"

Let it be borne in mind that no where in the record does it appear that the probate judge announced a decision in the case in controversy; it might be inferred that Mr. Workman had some knowledge as

to what was in the court's mind when he prepared a journal entry, but it is very evident that counsel representing the defendants did not know, for the reason that they refused to approve the entry, and the first that anyone knew what was in the court's mind was at the time the final entry appeared on record September 17, 1936.

"When a court must act itself, and act directly, that act must be evidenced by the record. After the term, a court may not, by an order entered nunc pro tunc, enter of record an order that it might have made or intended to make, but which in fact was not made, attempted or directed to be made." **Reynolds v Reynolds, 12 Oh Ap 63.**

In the case of **Lentz v Lentz, 19 Oh Ap 329,** (3 Abs 38) the court holds that notice is required before a court has power or authority to enter a judgment nunc pro tunc after the expiration of the term.

Judge Washburn in deciding this case, on page 397, uses the following language:

"The situation presents a good illustration of the rule that obtains in many jurisdictions which denies to courts the power to effect the operation or change the import of judgments of judicial tribunals by nunc pro tunc orders unless there is some written memoranda to support such action— a rule which does not permit such change to rest upon the mere word of mouth or remark of a judge, but declares the necessity of some written memoranda to support a finding nunc pro tunc. Such a rule was announced in **Heirs of Ludlow v Johnson, 3 Ohio 533,** and although it may be that such rule has not been applied to its full extent in all cases since then, it is still true that the power to make a nunc pro tunc entry should be used with caution and circumspection."

"Courts can by nunc pro tunc order supply omissions in the record of what was actually done in the case at a former term and by mistake or neglect of the clerk was not entered in the clerk's minutes or the court's record; but when the court has failed to make an order which it could have made and in fact intended to make, it can not subsequently make the same nunc pro tunc so as to make it binding upon the parties to the suit from the date when it was intended to have been so entered." Gardner v The People, 110 Ill. App. 254, 257.

Motion to dismiss appeals will be sustained with exceptions.