### PARKER et v INGLE et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1454. Decided April 19, 1937

A. W. Schulman, Dayton, for appellants.
Hollencamp & Lair, Dayton, for William
A. Hilt.

## OPINION

HORNBECK, J.

The plaintiffs, appellants, by their application recite that they filed notice of their intention to appeal on questions of law and fact from a "decision" of Common Pleas Court against them and in favor of appellee, William Hilt, that they failed to give bond within the time prescribed by law and are desirous of prosecuting their appeal as an appeal on questions of law. The motion of the appellee is to strike the application of the appellants from the files for the following reasons:

1. The said application is not executed by the proposed appellants, but is signed by an alleged attorney or agent.

2. Said application was not filed within the time stipulated for perfecting an appeal as prescribed by statute.

3. The notice of appeal upon which said application is predicated was and is defective, in this, that it was executed and filed by an agent without authority and without a contract of employment.

4. Said alleged notice of appeal proposes an appeal upon law and fact and no bond has been given or filed with the Clerk of Courts, nor has any application been made to the trial court to fix said bond within the time prescribed by statute.

5. The Bill of Exceptions, Bond and Assignment of Errors of the alleged appellant were not filed within the time limit fixed by Rule 7 of the rules of this court, or as required by the statutes of this state on error proceedings, as more than seventy days have elapsed since the filing of the decree and said alleged notice of appeal.

The first and third branches of this motion challenge the capacity of counsel, who makes the application on behalf of the appellants to act for them either as attorney or agent. We have considered these branches of the motion upon oral presentation of counsel and upon affidavit and letter supporting the same.

We would hesitate to hold that counsel who now prosecutes the appeal was not authorized, when assisting appellants in the trial court, to give notice of appeal

when a judgment of the trial court was entered against the appellants. This very proper precautionary measure having been taken, the cause is in this court and unless and until the appellants apprise this court that counsel who purports to act for them is not so authorized, we would not so hold. If counsel appearing for the appellants does not represent them they have the right on their own motion to come into this court and dismiss the appeal. If it is their purpose ▇▇▇▇▇ or desire so to do, we assume that they would make it known to the court. The first and third branches of the motion must therefore, be overruled.

The motion of the appellants and the second, fourth and fifth branches of the motion of appellee raise the same question, namely, whether or not the purported appeal of appellants is in this court for any purpose. The facts in this case so far as are necessary to exemplify the questions raised are that a judgment was entered in Common Pleas Court against the appellants. Within the time prescribed by §12223-4 GC notice of appeal was duly filed with the trial court. No appeal bond was given as provided in §12223-6 GC. The cause is one which is appealable on questions of law and fact.

It is the claim of appellants that in the situation presented this court is required under §12223-22(2) GC to consider that the cause stands for appeal on questions of law and thereupon, under §11564 GC, to fix a time for the preparation and settlement of a Bill of Exceptions. It is the claim of the appellee that by virtue of §12223-6 GC no bond having been given on appeal, the appeal is not effective for any purpose.

The question presented requires a consideration of several of the sections of the New Appellate Code. We feel safe in starting with the proposition that the underlying purpose of the New ▇▇▇▇▇ Appellate Code is to simplify the procedure whereby a party against whom an order or judgment has been entered may have a review of that judgment or order in an upper court. The desideratum of the act is to assure a litigant that having observed certain jurisdictional ▇▇▇▇▇ requirements his case will be reviewed on appeal, the type of appeal designated in the notice or the failure to designate the kind of appeal not controlling in any sense the requisites to be met

to effectuate the appeal. This purpose is reflected in §12223-4 GC which provides:

"The appeal shall be deemed perfected when written notice of appeal shall be filed with the lower court, tribunal, officer or commission * * * After being duly perfected, no appeal shall be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal shall be deemed to be jurisdictional."

This language is as plain as it can be stated that the one and sole requisite to the accomplishment of the transfer of the case to an upper ▇▇▇▇▇ court for review is the giving of written notice of appeal within the time provided in §12223-7 GC, which in the instant case is twenty days after the judgment.

Sec 12223-6 GC provides:
"Except as provided in §12223-12 GC (the section relieving named fiduriaries from the necessity of giving the bond) no appeal shall be effective as an appeal upon questions of law and fact unless and until the order, judgment or decree appealed from is superseded by a bond in the amount and with the conditions as hereinafter provided and unless the said bond be filed at the time the notice of appeal is required to be filed."

Does the language of this section overcome that portion of §12223-4 GC which provides that no step required to be taken subsequent to the perfection of ▇▇▇▇▇ the appeal shall be deemed to be jurisdictional. We are of opinion that it does not.

The effect of a failure to give the bond is to render the appeal ineffective as an appeal on questions of law and fact. That is to say, that if no bond is given within the time required, such failure renders inoperative any possibility of having the appeal proceed as upon questions of law and fact. If such interpretation is not given then the requisite that a bond be given is tantamount to a jurisdictional requirement.

Further light can be gleaned as to the proper interpretation of these two sections in their relation to each other from some of the subsequent provisions of the act. §12223-22 GC provides:

"Appeals on questions of law and fact may be taken:

(1) From any court, tribunal, commission or officer to any Court of record as may be provided by law.

(2) Whenever an appeal on questions of law and fact is taken in a case in which it is determined by the appellate court that the appellant is not permitted to retry the facts the appeal shall not be dismissed but it shall stand for hearing on appeal on questions of law." (Emphasis ours)

It will be noted that if the Appellate Court determines that the appellant is not permitted to retry the facts, the appeal shall not be dismissed.

It may be urged with some force that the determination in contemplation of the section is that which is made when all the requisites of an appeal on law and fact have been observed but because the court cannot find that it is such a case as was cognizable in chancery at common law and, therefore, not appealable on law and fact it cannot be so heard. Such a construction, however, would preclude any review on law only where no bond had been given, which type of review could have been assured without bond had the appellant designated his appeal as one on questions of law or had made no designation in his notice of appeal. When an appellant has failed to give the bond required to make effective his appeal on questions of law and fact he has thereby made the determination of the Appellate Court certain to effect that the appellant is not permitted to retry the facts and he is remanded to his appeal on questions of law only. It has, however, been urged that this interpretation of the section will result in unusual and unnecessary delay. Obviously, it is true that some delay will be caused by such construction and the only manner in which such delay can be kept to a minimum is for counsel for the appellee to act promptly by appropriate motion as soon as it appears that the appellant has not given the bond. The court also can be helpful in expediting the hearing of appeals by promptly assigning for hearing motions to require determination that the appellant is not permitted to retry the facts and to fix a time for the preparation and settlement of a bill of exceptions.

The amendment and addendum to §11564 GC is mandatory in terms, as follows:

"Provided, whenever an appeal is taken on questions of law and fact and the Court of Appeals determines that the case cannot be heard upon the facts and 'no Bill of Exceptions has been filed in the cause, that the Court of Appeals shall fix the time, not to exceed thirty days, for the preparation and settlement of the Bill of Exceptions."

This amendment is in accord with the spirit of the new Appellate Procedural Act, namely, to assure a litigant a review of this cause if the jurisdictional requisite as to notice has been observed. We, therefore, determine as we have heretofore held, that the giving of a bond under §12223-6 GC is not a jurisdictional requirement and though it renders the attempted appeal on questions of law and fact ineffective, it does not prevent the prosecution of an appeal on questions of law.

This opinion is probably unnecessary because the Court of Appeals of Cuyahoga County, in Graham v Green, O L Rep March 1, 1937, at page 477, 23 Abs 330, came to the same conclusion here reached on the question presented and the Supreme Court has refused a motion to certify, Ohio L Rep, March 29, 1937, p 12. However, this action of the Supreme Court was taken after this opinion had been dictated and we, therefore, release it as it may be helpful to the profession in this jurisdiction.

It is urged in the memorandum of counsel for appellee that Graham v Green, supra, may differ from the instant case in that it did not appear that the appeal which was there under consideration was properly one of law and fact. This position is not tenable because it clearly appears early in the dissenting opinion of Judge Leighley that the petition prayed for an accounting and equitable relief.

The motion of the appellee will be overruled in all of its branches, the motion of appellant will be sustained; the entry may recite that the court has determined that the appellant is not permitted to retry the facts and that the appeal shall stand for hearing on appeal on questions of law and and that as no bill of exceptions has been filed in the cause the appellant will be given thirty days within which to have a bill of exceptions prepared and settled.

(BARNES, PJ, concurs). (GEIGER, J, concurs in overruling the first and third branches of Appellee's motion)

GEIGER, J, Dissenting:

I am unable to agree with my associates in their judgment as to the second, fourth and fifth branches of the motion. I concur as to the other branches.

This matter has been under such recent discussion by other courts in the State and is so well presented in the majority opinion, that it is not necessary to go over it in any detail.

My view is so well expresed in the dissenting opinion in the case of **Graham v Green**, Ohio Law Reporter, March 1, 1937, page 477, that there is little that I can add to his opinion save to say that it appears to me to present the question in a logical way and to announce a correct solution.

The majority opinion in the Graham case does not discuss the matter at length but states that in several matters of similar nature the court had reached the conclusion therein announced and the court therefore adheres to the view there expressed. The Supreme Court has refused to certify in that case without giving any reasons; simply stating "motion to certify overruled."

Under the former statutes, then §§12223 to 12223-26 GC, the appellant in the old equity cases was required to give bond as provided by statute and his failure so to do was a good ground for dismissing his appeal and I see no reason why any other position should be taken under the present statute. My associates are of the opinion that inasmuch as the section quoted by them provides the appeal shall be deemed **perfected** when written notice is filed in the lower court and that no step required to be taken subsequent to the perfection of the appeal shall be deemed jurisdictional, there is a declaration of legislative intent to the effect that all that is necessary is the filing of the notice and that thereby the case is safely lodged in the Court of Appeals. I am of the opinion that the provision of §12223-6 GC, which provides that no appeal shall be effective as an appeal on questions of law and fact until the judgment appealed from is superseded by a bond makes it essential that the appellant shall file such a bond before his case comes within the jurisdiction of the Court of Appeals and that his failure to file such a bond is a failure to do all the things that the stat-

ute requires shall be done before the case can be reviewed by the Court of Appeals. I feel that this view is strengthened by the phraseology of the two sections 12223-22 and 11564.

The first section provides that "whenever the appeal is taken in a case in which it is determined by the Appellate Court that the appellant is not permitted to retry the facts", etc., and the second provides that "whenever an appeal is taken on questions of law and fact and the Court of Appeals determines that the case can not be heard", etc., certain things shall be done.

It will be observed that both sections provide when the Court of Appeals **determines** that the case can not be heard upon the facts, certain things shall be done. In my judgment what the amendment sought to correct was a condition which so frequently occurred under the old statute, when a litigant appealed his case and gave bond and was then confronted with the "determination" of the Court that his was not a chancery case and not subject to appeal and thereupon he lost his review in the Court of Appeals both on appeal and error simply because he had misjudged the character of his action below. Very often the question was so close that the careful counsel brought his case forward both on appeal and error. This was the evil sought to be corrected.

It is unfair to litigants to permit one seeking the review of his case merely to give notice of an appeal on law and fact and then sit by without giving a bond and, when the question is presented to the Court of Appeals, claim the privilege of an extension of 30 days time for the preparation and settlement of a Bill of Exceptions.

One may foresee that this may result in serious delay in the review of cases in the Court of Appeals.

Counsel may be fully aware that his case is an appeal on law and not an appeal on law and fact, yet the safe thing for him to do will be to file the motion for the latter because he thereby reasonably assures himself of an extension of time beyond forty days within which time under §11562 GC he is obliged to file his bill of exceptions.

My associates are of the opinion that the spirit of the Appellate Act is to assure a litigant a review. The trouble with this view is that the assurance is all given to the one who seeks a review on law and fact. There is no favor granted to the

one who must have his case reviewed on the question of law alone, or on what corresponds to the old proceeding in error. Such a litigant must within a rigid date, forty days, have a bill of exceptions settled and filed, whereas the one who chooses to go into the Court of Appeals through the doorway of appeal on law and fact may have 30 days after the court has "determined" that he may not hear his case de novo. It is said the Court need not grant this thirty days, as the statute says "not more than", but we may be reasonably sure in most cases the full thirty days will be allowed.

I am conscious of the fact that the Supreme Court has overruled a motion to certify the Graham case but I have hopes that some Court of Appeals will take the opposite view from that held by the majority in the Graham case and in this case, and so be able to certify a constitutional conflict of judgment and secure a judgment of the Supreme Court and possibly check a practice that will certainly tend to delay determination of cases in the Court of Appeals.