Bell, J.
 

 The single question for determination may be stated thus:
 

 Where the Court of Appeals decides that a case cannot be heard upon appeal on questions of law and fact because no appeal bond was filed, must that court fix a time for preparing and filing a bill of exceptions ?
 

 The Constitution of Ohio defines the jurisdiction of the Courts of Appeals as follows in Section 6, Article IV:
 

 “* * * The Courts of Appeals shall have original jurisdiction in
 
 quo warranto,
 
 mandamus,
 
 habeas corpus,
 
 prohibition and
 
 procedendo;
 
 and appellate jurisdiction in the trial of chancery cases, and, to review, affirm, modify, or reverse the judgments of the Courts of Common Pleas, superior courts and other courts of record within the district as may be provided by law, and judgments of the Courts of Appeals shall be final in all cases, except cases involving questions arising under the Constitution of the United States or of this state,
 
 *60
 
 eases of felony, oases of which it has original jurisdiction, and cases of public or great general interest in which the Supreme Court may direct any Court of Appeals to certify its record to that court. * * *”
 

 The General Assembly may determine and prescribe the method of exercising such jurisdiction.
 
 Thompson v. Redington,
 
 92 Ohio St., 101, 110 N. E., 652;
 
 Cincinnati Polyclinic
 
 v.
 
 Batch,
 
 92 Ohio St., 415, 111 N. E., 159; and
 
 Barnes
 
 v.
 
 Christy,
 
 102 Ohio St., 160, 131 N. E., 352.
 

 Prior to 1936, there were two methods of procedure in securing a review in the Courts of Appeals; by proceedings in error, and upon appeal. A proceeding in error was the method of review in' actions at law; appeal existed only in chancery cases. Under this system many complex questions arose as to whether a cause was reviewable by pi*oceedings in error or by appeal. The litigant was compelled at his peril to make the proper choice of procedure.
 

 On April 4, 1935, the General Assembly passed an act, effective January 1, 1936
 
 (IT6
 
 Ohio Laws, 104), entitled an act ‘ ‘ to establish a simplified method of appellate review. ’ ’
 

 The title of the act is important only as it discloses the intent with which the act was passed.
 

 All proceedings by which one court reviews or retries a cause determined by another court, an administrative officer, tribunal or commission is designated by the act as an appeal. Section 12223-1, General Code.
 

 Two forms of appeal are defined.
 

 An appeal on questions of laiv.
 
 This type of appeal contemplates a review upon questions of law including the weight and sufficiency of the evidence; and includes all proceedings theretofore designated as proceedings in error. Sections 12223-1 and 12223-27, General Code.
 

 An appeal on questions of law and fact.
 
 This type of appeal contemplates a rehearing and retrial of a
 
 *61
 
 cause upon law and fact; and includes all the proceedings theretofore designated as an appeal. Sections-12223-1 and 12223-22, General Code.
 

 Section 12223-4, General Code, provides:
 

 “The appeal shall be deemed perfected when written notice of appeal shall be filed with the lower court,, tribunal, officer or commission. * * * After being-duly perfected, no appeal shall be dismissed without, notice to the appellant, and no step required to betaken subsequent to the perfection of the appeal shall. be deemed to be jurisdictional.”
 

 Section 12223-5, General Code, provides:
 

 “The notice of appeal shall designate the order,, judgment, or decree appealed from and whether the-appeal shall be on questions of law or questions of law and fact. In said notice the party appealing shall be-designated the appellant, and the adverse party, theappellee, and the style of the case shall be the same asín the court of origin. The failure to designate the-type of hearing upon appeal shall not be jurisdictional and the notice of appeal may be amended by the appellate court in the furtherance of justice for good', cause shown.”
 

 Section 12223-6, General Code, provides:
 

 “Except as provided in Section 12223-12, no appeal*, shall be effective as an appeal upon questipns of law'- and fact unless and until the order, judgment, or decree-appealed from is superseded by a bond in the amount, and with the conditions as hereinafter provided, and. unless the said bond be filed at the time the notice of appeal is required to be filed.”
 

 We are not concerned here with the exceptions provided for in Section 12223-12, General Code.
 

 The notice of appeal filed with the trial court in the-instant case recites:
 

 “Said appeal is on questions of law and fact.”
 

 
 *62
 
 By the language of Section 12223-4, General Code, the appeal was duly .perfected and no subsequent step should be deemed jurisdictional. ...
 

 The plaintiff after perfecting his appeal failed to .give the. bond required by Section 12223-6, General Code.
 

 The solution of the problem stated is dependent upon the correct construction of the language used in ■Sections 12223-4, 12223-6 and 12223-22, General Code.
 

 Section 12223-22, General Code, provides:
 

 “Appeals on questions of law and fact may be taken:
 

 “ (1) From any court, tribunal, commission, or officer to any court of record as may be provided by law.
 

 “ (2) Whenever an appeal on questions of law and fact is taken in a case in which it is determined by the appellate court that the appellant is not permitted to retry the facts, the appeal shall not be dismissed, but it shall stand for hearing on appeal on questions ■of law.”
 

 That the meaning of the language used in these sections is not free from doubt is best evidenced by the •conflict of opinion of the judges of the various Courts of Appeals when this language was called into question. *
 

 The Court of Appeals for the Eighth Appellate District has .considered these sections where an appeal was taken upon questions of law and fact and no appeal bond was filed.
 

 In
 
 Graham
 
 v.
 
 Green,
 
 55 Ohio App., 169, 9 N. E. (2d), 164, the court, one judge .dissenting, held:'
 

 “* * * that since the notice of appeal on questions •of law and fact-was filed -in'time,' * * * the failure to file a bond has but Pné legal consequence, namely, the appellant will not: be periiiitted to retry the facts as a
 
 de novo
 
 trial, but that under the clear langtia-ge ■of the statute the case- still stands as an- appeal on •questions of law, which require review by this court .as under the old error proceedings.”
 

 
 *63
 
 The Court of Appeals for the Second Appellate-District, decided the case of
 
 Parker
 
 v.
 
 Ingle,
 
 56 Ohio App., 62, 10 N. E. (2d), 166. The court had substantially the same question presented as in
 
 Graham
 
 v.
 
 Green, supra,
 
 and arrived at the same conclusion, one-judge dissenting.
 

 In
 
 Loos
 
 v.
 
 Wheeling & Lake Erie Ry. Co.
 
 (unreported) the Court of Appeals for the Sixth Appellate District dismissed an appeal upon questions of law and fact for failure to file an appeal bond.
 

 In
 
 Bennett
 
 v.
 
 Bennett
 
 (unreported) the Court of Appeals for the Fifth Appellate District dismissed the-appeal upon questions of law and fact after determining that the cause was not a chancery case.
 

 These four cases are examples of the conflict of opinion.
 

 In 1938 this court reviewed the latter two cases,
 
 Loos
 
 v.
 
 Wheeling & Lake Erie Ry. Co.,
 
 134 Ohio St., 321, 16 N. E., 467; and
 
 Bennett
 
 v.
 
 Bennett,
 
 134 Ohio St., 330, 16 N. E., 474.
 

 The
 
 Loos case
 
 was an action at law for personal injury wherein the plaintiff recovered a verdict and judgment against the railroad company. The defendant filed a notice *>f appeal on questions of law and fact. No bond was filed by the defendant. After argument and submission, the plaintiff, appellee, filed a motion to dismiss the appeal for the reason that the appeal was upon questions of law and fact and no-bond had been filed. The defendant, appellant, on that same day filed a motion to permit an amendment of the notice of appeal by striking the words “and fact”' from the sentence, “The aforesaid appeal shall be upon questions of law and fact.”
 

 The court sustained the' motion to dismiss and overruled the motion to amend and certified the récord to-this court. This court5 held:
 

 ■ “Whenever-an-'appeal- oil questions of law and fact is filed in a case where an appeal on. questions of law
 
 *64
 
 only should have been filed, and the appeal otherwise complies with the provisions of Sections 12223-4 and 12223-5, General Code, under the provisions of Section 12223-22 ‘the appeal shall not be dismissed, but it shall stand for hearing on appeal on questions of law,’ even though no bond was filed under the provisions of Section 12223-6, General Code.”
 

 Bennett
 
 v.
 
 Bennett, supra,
 
 was a divorce and alimony case. Defendant gave notice of appeal on questions of law and fact. Plaintiff filed a motion to dismiss. This motion was granted.
 

 Upon review in a
 
 per curiam
 
 opinion, this court held that the original action “was not a ‘chancery case’ and therefore appeal to the Court of Appeals on questions ■of law and fact did not lie:” It was further held that it was the duty of the court after dismissing the appeal on questions of law and fact to retain the cause ■as an appeal upon questions of law.
 

 In the instant case, the Court of Appeals apparently reached its conclusion upon the theory that -when an appeal is filed upon questions of law and fact and no appeal bond is filed, it is unnecessary for the Court of Appeals to determine any question; that under Section 12223-6, General Code, the app'feal is not effective; that Section 12223-22, General Code, has no application to such a situation; and that the court is not required to fix a time for the preparation and filing of a bill of exceptions as provided by Section 11564, General Code.
 

 The ultimate solution of our problem depends upon whether these sections of the General Code are to receive a strict or liberal construction.
 

 Much has been said and well expressed opinions have been written on both sides of the question. Some ■of the judges of the Courts of Appeals take the position that the statutes should be strictly construed while others take the position that they , should be lib■erally construed.
 

 
 *65
 
 Chief Justice Weygaudt, speaking of the debates in the Constitutional Convention of 1912 in the ease of
 
 LeMaistre, Admr.,
 
 v.
 
 Clarke, ante
 
 1, uses this language :
 

 “In the discussions relating to the judicial branch of the government the shibboleth of ‘one trial and one review’ is found repeatedly.”
 

 We believe it was the intention of the Constitutional Convention to provide that a litigant should have one trial and one review; and that the General Assembly, by the passage of the act known as the Appellate Procedure Act, intended to prevent insofar as possible the dismissal of cases by the Courts of Appeals upon procedural questions.
 

 The previous pronouncements of this court, when the act has been called in question, have been in effect that the act in its entirety and every section thereof should be liberally construed to the end that the legislative intent be made effective.
 

 Keeping in mind that the appeal is perfected upon filing with the trial court a notice of appeal and that no subsequent step shall be deemed jurisdictional, we conclude that the dismissal of an. appeal on questions of law and fact for failure to file an appeal bond (which may be a step subsequent to the filing of the notice of appeal), or the retention of the cause as an appeal on questions of law and a subsequent refusal to fix a time' for the preparation and settlement of a bill of exceptions, is in legal effect a holding that the filing of an appeal bond is jurisdictional.
 

 We hold therefore that where an appeal is perfected on questions of law and fact under Section 12223-22, General Code, and the right of appellant to a retrial of the facts is challenged
 
 for any reason,
 
 it is the duty of the appellate court to determine that question, and if the right to retry the facts is denied, the appeal shall not be dismissed but it shall stand for hearing on ap
 
 *66
 
 peal on questions of law; and if no bill of exceptions-has been filed in the cause, it then becomes the mandatory duty of the appellate court to fix a time for the-preparation and settlement of a bill of exceptions in. conformity to Section 11564, General Code, which reads-in part as follows:
 

 “Provided, whenever an appeal is taken on questions-of law and fact and the Court of Appeals determines that the case cannot be heard upon the facts and no bill of exceptions has been filed in the cause, that the Court of Appeals shall fix the time, not to exceed thirty days,, for the preparation and settlement of a bill of exceptions. ’ ’
 

 If it be claimed that this construction makes possible-an undue delay of the cause, we think that the answer to such claim is that a delay of not to exceed thirty days is preferable to a denial upon procedural grounds-of appellant’s right of review.
 

 It follows that the judgment of the Court of Appeals-should be and hereby is reversed and the cause is remanded to that court with instructions to fix a time for the preparation and settlement of a bill of exceptions-as required by the provisions of Section 11564, General Code.
 

 Judgment reversed and cause remanded.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman and Turner, JJ., concur.
 

 Williams, J., not participating.