## BETTMAN v
## NORTHERN INS CO OF MOSCOW et

Ohio Appeals, 2nd Dist, Franklin Co

No 2736. Decided July 10, 1937

Druggan & Gingher, Columbus, for appellee.

Francis C. Canny, U. S. Attorney, Dayton, R. J. O'Donnell, Asst. U. S. Attorney, Columbus, and Henry Munroe, Department of Justice, for appellants.

## OPINION

By BARNES, PJ.

The above-entitled cause is now being determined on motion of the Bank of the Manhattan Trust Company of New York, assignee, et al., apellees, to dismiss the appeal of the United States of America, appellant.

On September 26, 1936, by action of the Common Pleas Court of Franklin County, Ohio, an allowance as and for attorney fees in the sum of $20,000.00 and expenses in the sum of $960.56, was allowed. On October 8, 1936, the defendant The United States of America gave notice of appeal on questions of law and questions of fact. No appeal bond was executed and filed by the appellants. The motion to dismiss is predicated on the fact that no bond was filed.

Counsel for appellant raise the question that no bond is required for the following reasons:

"1. The entry of this court staying execution of the order of Reynolds, J., of September 26, 1936, specifically recites that part of the order directing the clerk of the court to pay over to opposing counsel said money to be deposited with him by the Superintendent of Insurance is stayed until further order of this court upon the agreement of the parties."

It is our determination that the agreed entry approved by our court is no more than a stay bond and does not take the place of an appeal bond.

Sec 12223-6, GC, provides that no appeal shall be effective as an appeal upon questions of law and fact unless and until the order, judgment or decree appealed from is superseded by a bond in the amount and with the conditions as hereinafter provided, and unless the bond be filed at the time the notice of appeal is required to be filed.

The above section also refers to §12223-12 GC as an exception to the requirements for bond. The section last cited exempts executors, administrators, guardians, receivers, trustees, trustees in bankruptcy and county treasurers, acting in their respective trust capacities, who have given bond in this state, with surety according to law, and the state of Ohio or an officer thereof from giving the bond mentioned in §12223-9 GC. The United States of America is not in the excepted class, and hence is required to give bond when it appears as an appellant.

By reason of the failure to give bond under the appeal on questions of law and fact, the case can not be heard in this court as a chancery action. §12223-5, GC, in the last sentence, provides as follows:

"The failure to designate the type of hearing upon appeal shall not be jurisdictional and the notice of appeal may be amended by the appellate court in the furtherance of justice for good cause shown."

Our court has repeatedly declined to dismiss appeals on questions of law and fact by reason of failure to file the appeal bond. Following the provisions of §12223-22 GC, we determine that the appeal on questions of law and fact will not permit a hearing de novo by reason of the fact that no appeal bond has been given, but decline to dismiss the case and order that the same shall stand for hearing on appeal on questions of law.

Subdivision 2 of §12223-22 GC reads as follows:

"(2) Whenever an appeal on questions of law and fact is taken in a case in which it is determined by the appellate court that the appellant is not permitted to retry the facts, the appeal shall not be dismissed, but it shall stand for hearing on appeal on questions of law."

This holding in our court has been unanimous until the case of Parker et v Ingle et,

(24 Abs 518) No. 1454, Montgomery County, when Geiger, J., dissented from the majority opinion.

We are aware of the fact that there is a divergence of opinion by the judges of various courts of appeal in the state. It is the view of the majority of this court that one of the purposes of the enactment was to insure litigants a review. either de novo or on the record. Under the former procedure counsel for litigants had to determine at their peril whether or not the action was one in chancery, if they desired a hearing de novo. The practice grew up throughout the state of taking the case up both on appeal and by petition in error. We think the present procedure should be given a construction to relieve against the objectionable features of the former procedure. In construing the act as we do we follow the language contained in the various sections above referred to.

In view of our previous full and complete discussion of the question, it is unnecessary to comment further.

The motion to dismiss the appeal on questions of law and fact will be overruled. The entry may show that we determine that the case may not be retried de novo. We hold the case as an appeal on questions of law and following the provisions of §11564, GC. thirty days is granted to the appellant for the preparation and settlement of a bill of exceptions. The pertinent portion of this section reads as follows:

"Provided, whenever an appeal is taken on questions of law and fact and the Court of Appeals determines that the case cannot be heard upon the facts and no bill of exceptions has been filed in the cause, that the Court of Appeals shall fix the time, not to exceed thirty days for the preparation and settlement of a bill of exceptions."

HORNBECK, J, concurs.
GEIGER, J, dissents, for the reasons set out in the dissenting opinion in the case of Parker et v Ingle et No. 1454, Montgomery County.