### RITZLER v RHOTEHAMEL

Ohio Appeals, 2nd Dist, Montgomery Co

No. 1456. Decided January 22, 1938.

702

W. S. Rhotehamel, Dayton, for Defendant-Appellant.

Harry P. Jeffrey, Dayton, Floyd F. Koogler, Dayton, for Plaintiff-Appellee.

## OPINION

By HORNBECK, J

Two motions were filed and submitted, which we have held, permitting the briefs to remain on file out of rule and the cause to be presented on its merits with the understanding that the motions would be considered and determined and if both overruled, that we would pass on the merits of the cause on appeal.

The first motion is to dismiss the appeal of defendant, appellant, on questions of law and fact for the reason that he has failed to file bond as provided by §12223-6 GC. The second, to dismiss the appeal on questions of law for the reason that said appellant has failed to file his bill of exceptions, assignment of errors and brief in accordance with Rule VII of the Rules of the Court.

The defendant gave notice of appeal in the trial court, both on law and fact and on law, within the statutory time. Both appeals were filed in this court, but defendant failed to give bond as provided in §12223-6 GC. to perfect the appeal on law and fact. Therefore we must ▮▮▮▮▮▮ ▮ find that it can not be retried on the facts. §12223-22 (2) GC.

A bill of exceptions was filed in this court within rule, on May 29, 1937. The assignment of errors was filed October 8, 1937 and briefs were filed on same date.

The motion to dismiss the appeal on questions of law requires consideration and construction of Rule VII in the light of the facts developed and heretofore set out. The Rule relating to appeals on questions of law in civil cases insofar as germane to our question provides:

"Unless otherwise ordered by the court or a judge thereof, briefs shall be filed as follows: Counsel for appellant shall, within fifty (50) days after filing notice of intention to appeal, file with the clerk his assignments of error and briefs and bill of exceptions. * * *

"Upon failure of the appellant to file his assignments of error, briefs, or bill of exceptions, as herein required, unless good cause be shown to the contrary, the cause will be dismissed for want of prosecution, or otherwise disposed of at the discretion of the court."

It will be observed that the appellant did not file his assignment of errors or briefs within the fifty days after filing notice of intention to appeal, nor at the time that the bill of exceptions was filed, although the bill was filed with the trial court and in this court within the time prescribed for the perfection of an appeal on questions of law and no order of this court was made waiving these requirements. There was then by the notice of appeal in the two types of appeal and the perfection of the appeal on questions of law an indication of purpose on the part of the defendant to be prepared in this Court to proceed on his appeal on questions of law, if necessary. That such procedure would be imperative was obvious because of the failure to file the bond to complete the appeal on law and fact.

We have heretofore in several instances held, the last time in **Parker v Ingle, 56 Oh Ap. 62, (24 Abs 518)** Ohio Bar, September 6, 1937, that the failure to give the bond under §12223-6 GC. after notice of appeal on law and fact does not have the effect of requiring the dismissal of the appeal generally, but that it may proceed as an appeal on questions of law and the Court after finding under §12223-22 GC. that it is not permitted to re-try the facts may fix a time, not more than thirty days thereafter, within which the appellant may have a bill of exceptions prepared and settled in the trial court.

Obviously, the decision in Parker v Ingle, that time may be extended for preparation of bill of exceptions, has no purpose or effect in the instant case, because the bill was presented and settled in the trial court and filed in this court within statutory time, and, in our judgment, the proceedings should be considered in all particulars as though the defendant intended to rely upon his appeal on law. In this situation it was his obligation to comply with every requirement, including observance of Rule VII, incident to such a type of appeal, so that if and when it was reached it would be ready for presentation to the Court.

The bill of exceptions having been filed regularly, it follows that the assignment of errors and briefs should have been filed therewith, not later than fifty days after filing notice of intention to appeal, because Rule VII so requires. If there was a situation requiring a modification of the rule it should have been brought to the attention of the court. In other words, if a party elects to perfect his appeal on law, as required by the Code, then he must conform to Rule VII without respect to the fact that he may also have perfected his appeal on law and fact. This, of course, in nowise affects his right to have determination whether or not he may proceed on his appeal on law and fact and, if so, to have such appeal determined before any appeal on law is considered. **Union Trust Company v Lessovitz, 122 Oh St., 407.**

The question here presented is new. This is the first time it has come to our attention in this jurisdiction and insofar as we know it has not before arisen in any court in the state. The announcement here made will serve as a guide in this district in like situations hereafter.

The motion to dismiss the appeal on questions of law for want of prosecution will be sustained.

So that delay in presentation will be minimized in cases where notice of appeal on questions of fact has been given but no bond filed, we shall hereafter on our own motion determine that the appeal can not be re-tried on the facts and that it will proceed as an appeal on questions of law, and fix time within which a Bill of Exceptions, if required, may be prepared and settled.

We will therefore instruct the Clerk of Courts in each county in the district to notify the court of all such cases and we will promptly prepare and file a proper entry after due notice to counsel. For the benefit of counsel we will say that we have given some considerable attention to the assignments of error in the judgment and if we were permitted to decide them, we would be required to hold that no prejudicial error appears.

BARNES, PJ, and GEIGER, J., concur.