## BAKER et v STRADER et

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 1490. Decided Jan. 28, 1938

D. H. Wysong, Dayton, for Harry F. Strader, et.

H. S. Leonard. Dayton, and Wm. S. Pettit, Dayton, for appellee, Frank P. Grisey.

## OPINION

**By THE COURT:**

The above entitled cause is now being determined on motion of Frank P. Grisey, Appellee, to dismiss the appeal herein for the following reasons:

(1) That no bond was filed within statutory limitation, or thereafter, and said appeal has not been perfected.

(2) That no bill of exceptions, or brief, has been filed, and only the notice to appeal, followed by the transcript, are of record, as filed.

(3) That said appeal is a collateral attack on the foreclosure action 82170, wherein there has been adjudicated fully a judgment, order of sale, confirmation of sale, conveyance and distribution, in which phases of action it is res adjudicata without exceptions on the part of Harry E. Strader, appellant.

(4) That appellant has accepted judgment of the court in action 82170 in the matter of allowance of $500.00 to him in lieu of homestead exemption, and also has received said allowance and receipted therefor, which appellant avers is a bar to an appeal.

(5) Transcript.

On July 2nd, 1937, Frank P. Grisey filed in the above entitled action a motion for citation in contempt. The said motion contained a recital that the defendant Frank P. Grisey was a purchaser of certain described premises which had been sold under foreclosure proceedings in said action, wherein Harry E. Strader and Hattie F. Strader were occupants and owners of the equity of redemption; that the said Straders were ordered to surrender up possession and vacate the premises; that said defendants then and there maliciously, unlawfully and in direct disobedience to the order of court did remove and cause to be removed certain fixtures which were then a part and parcel of the realty and broke and destroyed the roof of the dwelling house and by reason of said removal of fixtures and damages to said dwelling house the condition of said premises was seriously and substantially impaired requiring the sum of $375.00 to restore them to the condition as of the date of the sale.

There was a prayer that citation issue returnable forthwith directing the defendants to appear and show cause why they should not be punished for contempt in order to restore said fixtures to the value thereof and pay the costs and expenses incident to the damages to the dwelling.

On hearing the trial court held the defendants in contempt as per the duly journalized entry herein set forth in full omitting the formal parts:

"This case coming on to be heard on the charge of contempt preferred in writing against the defendants, Harry E. Strader and Hattie F. Strader, and upon hearing had and upon consideration of the facts and evidence presented the Court finds the defendants guilty of contempt as specified in the written charge and that said defendants did unlawfully remove and carry away from the farm from which they were evicted by order of this court the following property which was part and parcel of the realty:

10 Pcs. tobacco rails, 4x6x15
17 Pcs. tobacco rails, 3½x3½x14
24 rods wire fence
2 farm gates
1 cistern top
50 Pcs. white pine lumber, 3x3x18
25 ft. 1½ inch iron pipe
1 well pump

It is therefore considered, ordered and adjudged that they return or cause to be returned all of the property set forth herein, in as good condition as when removed, within ten days from date which will be September 20, 1937; and further disposition of this case will be postponed until the expiration of the period allowed for compliance with this order."

On September 20th the defendants gave notice of appeal from the above judgment. Said appeal was on question of law and fact.

We now take up the several grounds of the motion to dismiss the appeal. We find 3, 4 and 5 not well taken.

Numbers 1 and 2 will be considered together. Since no appeal bond was given the matter may not be heard as an appeal on question of law and fact even if such an appeal could be determined to be proper under any circumstances. Following the authority of **Parker et v Ingle et,** **56 Oh Ap 62,** (Ohio Bar, Sept. 6, 1937), (24 Abs 518), the appeal will stand for hearing as an appeal on question of law, and defendant will be given twenty days within which to prepare and file for allowance a bill of exceptions.

At the time of the oral presentation of this case the question was raised as to whether or not the judgment appealed from was a final order. It is our conclusion that it is a final order.

BARNES, PJ, and HORNBECK, J, concur.

GEIGER, J, dissents, for the reasons set out in his dissenting opinion in the case of Parker v Ingle, supra.