### BAKER et v STRADER et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1490. Decided May 20, 1938

D. H. Wyson, Dayton, for Harry Strader.

H. S. Leonard, Dayton, and Wm. S. Pettit, Dayton, for Frank Grisey.

### OPINION

### By THE COURT

The matter before is an off shoot of a cause of action originating between Webster Baker and Harry E. Strader and other defendants for the sale of certain real estate upon which there was a mortgage and several judgment liens. The property was sold and distribution ordered to several lien holders and a payment made to the defendant, Harry E. Strader, as his exemption the sum of $500.00.

Frank P. Grisey and Clara, his wife, became the purchasers of the property and were subrogated to all the rights of the lien holders and awarded the writ of possession. Frank P. Grisey is a brother-in-law of Harry E. Strader, between whom there has been and still exists a family feud.

Before the writ of possession was executed Strader removed from the real estate certain property, a portion of which appears to have been affixed to the real estate in such a way as to give it the character of real property covered by the mortgage. Sometime after this property was removed, Grisey filed a motion for citation in contempt, charging that the defendants maliciously, unlawfully and in disobedience of the order of the court did remove certain fixtures a part of the realty, and broke and destroyed the roof of the dwelling house. On September 10, 1937, the court below having heard the charge of contempt found that the defendants, Strader and his wife were guilty of contempt and that they did unlawfully remove from the farm, from which he was evicted by the order of the court, certain property which was part and parcel of the realty. The property was scheduled in the order of the court and it was ordered that the defendants return ot cause to be returned all the property set forth within ten days and further dis-

position of the case was postponed until the expiration of said period, from which order the defendants, Straders, appealed to this court on questions of law and fact.

A motion was made in this court by Grisey to dismiss the appeal for reasons stated therein and this court, on February 11, 1938, overruled the motion and held that the appeal would stand for hearing as an appeal on questions of law and the defendant is given twenty days to prepare and file a bill of exceptions. Upon the question raised whether the judgment appealed from was a final order, the court found that it was. See decision of this court in this matter rendered January 28, 1938. (26 Abs 596).

In pursuance of the leave granted to file a bill of exceptions such a bill was filed on February 17, 1938, containing testimony of witnesses in reference to the contempt proceeding.

We have before us the decision on the contempt proceedings in which the court below reviews the matter leading up to the controversy. It appears quite clear that, to some extent at least, the defendant was actuated by the family feud existing between himself and his brother-in-law. Otherwise it could scarcely be understood why such a bitter and to some extent expensive litigation should be carried on in reference to property that at best was of little monetary value.

A brief is filed by appellant in which he complains that the court below had no jurisdiction of the subject matter and that its findings were contrary to law and in violation of the defendants' constitutional rights and is against the manifest weight of the evidence.

We have read the bill of exceptions and are not persuaded that the court below was not entirely correct in the finding made and in the reasons therefor given in his opinion and we are not disposed to disturb the same.

Counsel for appellant stresses the claim that the court below had no jurisdiction to punish for contempt. We are of the opinion that the record discloses that the property was in process of foreclosure in the court and that the court had made an order that a writ of possession be awarded to put the purchasers in possession. We are of the opinion that during this process and until the purchasers were entirely in possession of the property as purchased by them that the court had a right to support its authority by a procedure in contempt. We think the record discloses that the court has been quite lenient with the

defendants and that they have no reason to complain of the court's action as violative of their rights, constitutional or otherwise. The final order of the court below was that the defendants restore the property within ten days, that further disposition of the cause be postponed until the expiration of that period. It is not officially disclosed by the record whether the defendants have restored this property or any portion of it or whether they are still retaining such possession as will justify the court below in proceeding to mete out proper punishment for contempt.

Appeal dismissed. Cause remanded to the Court of Common Pleas for further proceedings.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.

## ON APPLICATION FOR REHEARING

Decided June 21, 1938

By THE COURT

This matter is before the court upon an application of the appellants for rehearing. We have given attention to the appellants' complaint and have again read the bill of exceptions and the decision of the court below.

We are of the opinion that nothing can be gained by a rehearing in this case. Application for rehearing denied.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.