decision and journal entry
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Grant Kimble has appealed the decision of the Lorain County Common Pleas Court, Domestic Relations Division, which permitted Sandra L. Austin to purge herself of contempt, and ordered both parties to pay their own respective attorneys fees. This Court affirms in part, reverses in part, and remands the matter for further proceedings in the trial court.
Grant Kimble and Sandra L. Austin are the parents of Cassandra, born on September 17, 1986. The parties never married nor cohabited, but they share joint legal custody of their daughter. Sandra, however, has a history of interfering with the relationship between Cassandra and her father. On a number of occasions, Sandra has been found to have been in contempt for violating court orders by denying Grant visitation with his daughter. In fact, the present case began on April 23, 1999, when Grant filed a motion for an order to show cause why Sandra should not be held in contempt for denying him visitation with his daughter during December of 1997.
A hearing on Grant's contempt motion was held before a magistrate, who denied Grant's motion. Grant filed objections. The trial court found Sandra "in contempt for denying [Grant] his weekend visitation of December 19 through December 21, 1997[,]" but gave Sandra the opportunity to purge herself of the contempt. The lower court also ordered each party to pay "their own respective attorneys fees in th[e] matter."
Grant has timely appealed, and has assigned two errors for our review.
 FIRST ASSIGNMENT OF ERROR
THE TRIAL COURT ERRED AND ACTED CONTRARY TO LAW BY FAILING TO AWARD TO APPELLANT THE ATTORNEY FEES REQUIRED BY R.C. 3109.051(K), AFTER FINDING APPELLEE IN CONTEMPT OF COURT FOR DENYING VISITATION.
In his first assignment of error, Grant asserts that the trial court erred in failing to award him attorney fees. This Court agrees.
A lower court's decision in a contempt proceeding will not be reversed absent a showing of an abuse of discretion. State ex rel. Celebrezze v.Gibbs (1991), 60 Ohio St.3d 69, 75. R.C. 3109.051(K) provides:
If any person is found in contempt of court for failing to comply withor interfering with any order or decree granting parenting time rights issued pursuant to this section or section 3109.12 of the Revised Code or companionship or visitation rights issued pursuant to this section, section 3109.11 or 3109.12 of the Revised Code, or any other provision of the Revised Code, the court that makes the finding, in addition to any other penalty or remedy imposed, shall assess all court costs arising out of the contempt proceeding against the person and require the person topay any reasonable attorney's fees of any adverse party, as determined by the court, that arose in relation to the act of contempt, and may award reasonable compensatory parenting time or visitation to the person whose right of parenting time or visitation was affected by the failure or interference if such compensatory parenting time or visitation is in the best interest of the child. Any compensatory parenting time or visitation awarded under this division shall be included in an order issued by the court and, to the extent possible, shall be governed by the same terms and conditions as was the parenting time or visitation that was affected by the failure or interference.
(Emphasis added.)
Having found Sandra in contempt of a visitation order, the trial court was required by R.C. 3109.051(K) to order her to pay the court costs involved in the contempt proceedings and to pay any reasonable attorney fees Grant incurred in association with the contempt. R.C. 3109.051(K);Madden v. Madden (June 14, 1996), Montgomery App. No. 15576, unreported. Accordingly, Grant's first assignment of error is sustained.
"What is reasonable," for purposes of calculating attorney fees, "is a question of fact[, and t]he trial court must have evidence before it probative of that issue in order to make the finding." Madden, supra. Therefore, the case is remanded to the trial court for further proceedings to determine the attorney fees which Sandra is required to pay pursuant to R.C. 3109.051(K).
 SECOND ASSIGNMENT OF ERROR
THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO REINSTATE AT LEAST SOME PORTION OF APPELLEE'S PREVIOUSLY SUSPENDED THIRTY (30) DAY JAIL SENTENCE, AFTER FINDING THAT APPELLEE HAD VIOLATED THE TERMS UPON WHICH THE SENTENCE HAD BEEN SUSPENDED.
In his second assignment of error, Grant contends that because Sandra has repeatedly defied court orders with respect to visitation, the trial court erred in not imposing a jail sentence.
The decision whether to punish for contempt lies in the discretion of the trial court, and an appellate court will not disturb that decision unless there was an abuse of discretion. Lentz v. Lentz (1924),19 Ohio App. 329. See, also, Davis v. Wellington Exempted Village SchoolDist. Bd. of Ed. (Dec. 24, 1980), Lorain App. No. 3062, unreported. This Court finds no abuse of discretion in the trial court's decision, and we reject this assignment of error. The second assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 ____________________________ DONNA J. CARR
BATCHELDER, P.J., SLABY, J. CONCUR.